UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH | : | MDL DOCKET NO. 2782 |
| FLEXIBLE COMPOSITE | : | CIVIL ACTION NO. |
| HERNIA MESH PRODUCTS | : | 1:17-MD-02782-RWS |
| LIABILITY LITIGATION | : | |
| | : | |
| This document relates to: | : | |
| | : | |
| Joyce Allen v._____ | : | Civil Action No.: _____ |
| | : | |
| Ethicon, Inc. and Johnson & Johnson | : | |

## **SHORT FORM COMPLAINT**

Come now the Plaintiff(s) named below, and for their Complaint against the

Defendants named below, incorporate the Master Complaint in MDL No. 2782 by

reference.  Plaintiff(s) further show the court as follows:

1.  Plaintiff Implanted with Physiomesh

    Joyce Allen

2.  Plaintiff's Spouse (if applicable)

    N/A

3.  Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

    N/A

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint
   <u>North Carolina and the United States</u>

5. State of Residence and Citizenship at the Time of Implantation

   <u>North Carolina and the United States</u>

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

   <u>United States District Court for the Eastern District of North Carolina</u>

7. Defendants (Check Defendants against whom Complaint is made):

   ☒   A.  Ethicon, Inc.

   ☒   B.  Johnson & Johnson

8. Basis of Jurisdiction

   ☒   Diversity of Citizenship (28 U.S.C. § 1332(a))

   ☐   Other: _____

   A.  Paragraphs in Master Complaint upon which venue and jurisdiction lie:

      <u>3-13</u>

   B. Other allegations of jurisdiction and venue:

   _____

   _____

   _____

   _____

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| 03/01/2012 | UNC REX Healthcare (Raleigh, North Carolina) | David C. Powell, M.D. |
|  |  |  |
|  |  |  |

10. Counts in the Master Complaint brought by Plaintiff(s):

    ☒    Count I – Strict Product Liability – Defective Design

    ☒    Count II – Strict Product Liability – Failure to Warn

    ☒    Count III – Strict Product Liability – Manufacturing Defect

    ☒    Count IV – Negligence

3

☒       Count V –  Consumer Protection Laws (Please identify applicable
        State Consumer Protection law(s) and state any additional facts and
        legal basis for application of State Consumer Protection law(s) in this
        case)

New Jersey Consumer Fraud Act, Title 56, Chapter 8, *et seq*.

N.C. Gen. Stat. Ann. § Ch. 75.1, *et seq*.

☒       Count VI – Gross Negligence

☐       Count VII – Loss of Consortium

☒       Count VIII – Punitive Damages

☒       Count IX – Discovery Rule, Equitable Tolling/Estoppel (Please
        state any additional facts and legal basis for Discovery Rule and
        Tolling below)

        On July 7, 2015, Plaintiff underwent surgery for recurrent incisional
        hernia repair. If was not until after this surgery, at the very earliest,
        that Plaintiff's injury was apparent or could have reasonable become
        apparent. In addition, Plaintiff did not and by the exercise of
        reasonable diligence could not have known that she suffered from an
        apparent or actionable injury, or the causal connection between her
        injuries and the wrongful conduct at issue until she first saw attorney
        advertising on or about February 2017, at the very earliest. However,
        even at that time, Plaintiff did not have sufficient information to
        reasonably be expected to know of Defendants' wrongful conduct, in
        part, due to the fact that Defendants have withheld and continue to
        withhold the facts necessary for one's awareness of a cause of action.
        Defendants' misconduct and fraudulent concealment of the relevant
        facts deprived Plaintiff and her physicians of vital information
        essential to the pursuit of these claims, without any fault or lack of
        diligence on their part. Because Plaintiff relied on Defendants'
        misrepresentations and omissions, she could not reasonably have
        known, or become aware of facts, that would lead a reasonably
        prudent person to make an inquiry to discover Defendants' tortious
        conduct. Defendants' misconduct and fraudulent concealment of the
        relevant facts tolls any relevant statute of limitations. Even still,
        Plaintiff's suit is filed well within the applicable statutory period of

limitations. Plaintiff further incorporates all allegations in the Master
Complaint, including those related to Defendants' fraudulent
concealment and equitable tolling.

☐      Other Count(s) (Please state factual and legal basis for other claims
not included in the Master Complaint  below):

_____

_____

_____

☒      Jury Trial is Demanded as to All Counts

☐      Jury Trial is NOT Demanded as to Any Count


                                    **/s/ Justin A. Browne**
                                    **/s/ Robert K. Jenner**
                                    Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Justin A. Browne
Janet, Jenner & Suggs, LLC
4 Reservoir Circle, Suite 200
Baltimore, Maryland 21208
Phone: (410) 653-3200
JBrowne@JJSjustice.com
Maryland Bar No. 29164

Robert K. Jenner
Janet, Jenner & Suggs, LLC
4 Reservoir Circle, Suite 200
Baltimore, Maryland 21208
Phone: (410) 653-3200
RJenner@JJSjustice.com
Maryland Bar No. 04165